**In re GRAND JURY PROCEEDINGS, ORTLOFF, Foreperson.**

**Robert CONLEY, Plaintiff-Appellant,**

**v.**

**UNITED STATES of America, Defendant-Appellee.**

**No. 82–5661.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 1983.

Decided June 23, 1983.

Margaret Blanchard, Santa Barbara, Cal., for plaintiff-appellant.

William F. Fahey, Asst. U.S. Atty., Los Angeles, Cal., for defendant-appellee.

Before WRIGHT and SCHROEDER, Circuit Judges, and REED,* District Judge.

EDWARD C. REED, Jr., District Judge:

Robert Conley had been incarcerated at Lompoc Correctional Institution, a federal facility, at the time a murder was committed there. His testimony was sought by a federal grand jury hearing evidence regarding the murder. Because he was then a prisoner in state custody, a writ of habeas corpus ad testificandum was issued from the federal district court to the state authorities to obtain the presence of Appellant to appear before the grand jury. No grand jury subpoena was issued to Appellant requiring him to appear and testify. Appellant refused to enter the grand jury room to give testimony.

The United States Attorney then made application to the court for an order to require Appellant to appear and show cause as to why he should not be held in criminal

---

* Honorable Edward C. Reed, Jr., United States District Judge, District of Nevada, sitting by designation.

contempt, under 18 U.S.C. § 401(3), and civil contempt, under 28 U.S.C. § 1826, for his failure to testify before the grand jury. A hearing on the matter was held on June 14, 1982.

At the hearing Appellant advised the district judge that he had refused to enter the grand jury room because he claimed to have no knowledge of the matters in question. The judge told him he did have relevant information, and that if questions were asked of him in the grand jury room which he was unable to answer because of lack of knowledge, he could so state in his testimony there. The judge carefully explained to Appellant the consequences of failure to testify. He told Appellant that he had no choice but to testify. Appellant indicated that notwithstanding what the judge had told him he was unwilling to testify. The judge then issued an order that Appellant show cause why he should not be held in criminal contempt for failure to provide testimony to the grand jury. Trial was set for one week later, on June 21, 1982.

At the trial for criminal contempt the only evidence presented was a copy of the habeas corpus ad testificandum and the transcript of the hearing of June 14, 1982. At the conclusion of the trial the judge entered written findings of fact and conclusions of law and a judgment that Appellant was guilty beyond a reasonable doubt of violation of Title 18 U.S.C. § 401(3)[1] for willful refusal to appear and testify before the grand jury. Appellant was sentenced to six months' confinement to run consecutive to the state sentence which he was serving. Imposition of sentence was stayed for ten days to allow Appellant to purge the contempt by appearing and testifying before the grand jury.

■ The principal ground for Appellant's appeal is his claim that neither at the time of the June 14 hearing, nor at any other time, did the district judge enter an order, requiring Appellant to testify, with which he failed or refused to comply. However, except for the fact that the word "order" was not expressly used, there is no mistaking what occurred at the June 14 hearing. Appellant was told he had no choice but to testify and he said that he refused to do so. The statement of an additional order in the circumstances would have been a mere formality. The essence of what occurred at the June 14 hearing was that Appellant was ordered to testify and refused to do so.

"Criminal contempt is established where there is a clear and definite order of the court, the contemnor knows of the order, and the contemnor willfully disobeys the order. *Chapman v. Pacific Telephone & Telegraph Company,* 613 F.2d 193, 195 (9th Cir.1979)." *United States v. Powers,* 629 F.2d 619, 627 (9th Cir.1980). In this case Appellant was repeatedly informed and queried by the patient district judge regarding his obligation to appear and testify before the grand jury. Where, as here, such directives could not have been more clear and definite it would be hypertechnical circumstances to require the judge to add the words "you are hereby ordered" to the colloquy.

■ While the context of the record reflects the substance of an order for Appellant to testify, it is a preferable practice, after a witness refuses to testify before a grand jury, to have him brought before the court so that the court may determine if an order to compel his testimony should be entered. Such procedure is preferred to that which was used here where Appellant, after refusing to testify, was instead brought before the court to determine if an order to show cause for contempt should be entered. At a hearing for an order to compel testimony a grand jury witness should be warned (as was Mr. Conley) of the conse-

1. 18 U.S.C. § 401 states:
A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—
(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
(2) Misbehavior of any of its officers in their official transactions;
(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

quences of failure to testify after being ordered to do so, and, then if he still continues to refuse to testify and gives no lawful reason for such refusal, and the circumstances otherwise warrant, a specific unequivocal order should be entered by the court requiring the witness to answer the questions posed before the grand jury. After the order compelling testimony before the grand jury is entered, the witness in the position of Mr. Conley should then be physically returned to the grand jury room. If he again refuses to testify, he should thereafter be returned to the court and given notice that he is being cited for contempt for refusal to testify before the grand jury and a time set for trial on the contempt citation in accordance with Rule 42(b) F.R. Cr.P.[2] Then, at the appointed time the trial is held to determine if the witness is in contempt.

In this case, the court bypassed the separate procedural step of determining if an order to compel testimony before the grand jury should be entered. However, the substance of that step was present in the procedure followed, and is sufficient to uphold the judgment of criminal contempt.

■ The Court finds no merit in the contention of Appellant that he should have received the warnings mandated by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), in these circumstances before being required to answer the district judge's questions at the June 14 hearing. That hearing was ancillary to the grand jury proceedings and *Miranda* warnings do not apply in such circumstances. *United States v. Mandujano*, 425 U.S. 564, 96 S.Ct. 1768, 48 L.Ed.2d 212 (1976). Furthermore, that hearing did not constitute a custodial interrogation requiring *Miranda* warnings.

*Cervantes v. Walker*, 589 F.2d 424 (9th Cir. 1978).

■ Nor does the Court find any merit in Appellant's claim that he was entitled to counsel at the June 14 hearing. The right to counsel as found in the Sixth Amendment "attaches only upon the initiation of adversary judicial criminal procedures. (citations omitted)." *Fritchie v. McCarthy*, 664 F.2d 208, 212 (9th Cir.1981). Once the district judge determined that criminal contempt proceedings would be brought counsel was appointed to represent Conley.

The judgment of·the district court is AFFIRMED.

---

**2.** F.R.Cr.P. 42(b) provides that:

(b) A criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the United States attorney or of an attorney appointed

by the court for that purpose, by an order to show cause or an order of arrest. The defendant is entitled to a trial by jury in any case in which an act of Congress so provides. He is entitled to admission to bail as provided in these rules. If the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the trial or hearing except with the defendant's consent. Upon a verdict or finding of guilt the court shall enter an order fixing the punishment.