**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alice M. GRANT, Defendant–Appellant.**

**No. 87–5250.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 21, 1988.

Decided July 27, 1988.

Alice M. Grant, Santa Barbara, Cal., in pro per.

Leon W. Weidman, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BOOCHEVER, NORRIS and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Defendant-appellant Alice M. Grant appeals from the district court's judgment of civil contempt for failure to comply with the court's order to pay a $20,000 fine. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse.

I

This case is now before this court for the third time. We stated the underlying facts relevant to this appeal in our last disposition, *United States v. Grant*, 816 F.2d 440 (9th Cir.1987) (*Grant II*):

In September 1980, the defendant was convicted on three counts of failure to file income tax returns for the years 1972, 1973, and 1974 in violation of 26 U.S.C. § 7023. On October 6, 1980 the district court sentenced her to two years in prison and a $20,000 fine on counts

one and two. The defendant received a suspended sentence on count four and was placed on five years probation to run concurrently with the sentence on counts one and two. Execution of the sentence was stayed until October 20, 1985.

The defendant appealed her conviction to this court on October 15, 1980. We affirmed the conviction, *United States v. Grant*, 661 F.2d 942 (9th Cir.1981), and the defendant was ordered to surrender herself on January 15, 1982. She was released from custody on January 12, 1983.

On August 15, 1985, the district court ordered the defendant to show cause why her probation should not be revoked for failure to make any payments on her $20,000 fine. After a series of hearings, the district court revoked the defendant's probation on October 9, 1985, and sentenced her to a term of one year on count four. The district court suspended the defendant's sentence and placed her on probation for five years, on the condition that she be incarcerated until she paid the $20,000 fine.

*Id.* at 441.

The defendant appealed in *Grant II* and we reversed. Finding that "the district court did not provide fair prior warning to the defendant that nonpayment of the fine could result in a loss of liberty," we held that the district court abused its discretion in revoking Grant's probation. *Id.* at 442.

Subsequently, on June 8, 1987 the district court ordered Grant to pay the $20,000 fine by June 30, 1987. Grant failed to pay the fine by that date. In response, the district court ordered Grant "to show cause why she should not be held in contempt for failure to comply with the orders of this Court ... to pay a $20,000 fine." On September 14, 1987 the district court found Grant in civil contempt and ordered her to be incarcerated until the fine was paid.

II

A district court has the power to adjudge in civil contempt any person who willfully disobeys a specific and definite order of the court. *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146 (9th Cir.1983). The district court's decision to impose pun-

ishment for contempt is reviewed for an abuse of discretion. *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir.1984).

18 U.S.C. § 3565, repealed effective November 1, 1987, provided for the collection and payment of criminal fines. In *Hill v. Wampler*, 298 U.S. 460, 463–64, 56 S.Ct. 760, 761–62, 80 L.Ed. 1283 (1936), the Supreme Court opined that the enforcement of a criminal fine by execution against the property of the defendant permitted by 18 U.S.C. § 569 [1] is the "exclusive" remedy if the district court's judgment did not direct that the defendant be imprisoned until the fine is paid. 298 U.S. at 463, 56 S.Ct. at 761. The Court wrote:

> Imprisonment does not follow automatically upon a showing of default in payment. It follows, if at all, because the consequence has been prescribed in the imposition of the sentence. The choice of pains and penalties, when choice is committed to the discretion of the court, is part of the judicial function. This being so, it must have expression in the sentence, and the sentence is the judgment.

*Id.* at 463–64, 56 S.Ct. at 761–62.

Here, the district court did not direct as part of its sentence that Grant be imprisoned should she fail to pay the fine. Thus, by imprisoning her for refusing to obey its order to pay the fine, the district court acted contrary to *Hill.* We think it irrelevant that the court imprisoned Grant for "civil contempt" in failing to obey its order of June 8, 1987. The purpose and intent of the district court's orders were to effectuate imprisonment for failure to pay the fine despite the absence of such direction in the court's judgment.

Because we reverse the judgment of contempt on this ground, we do not consider Grant's other contentions.

REVERSED.

---

**1.** The relevant statute in this case, 18 U.S.C. § 3565(a), is the successor to 18 U.S.C. § 569. Section 3565(a) similarly allowed the enforcement of a criminal fine by execution against the property of the defendant; it remained in effect through October 31, 1987. (Pub.L. No. 98–473, tit. II, ch. II, §§ 212(a)(1) & (2), 235(a)(1), 98 Stat. 1987, 2031, as amended by Pub.L. No. 99–217, §§ 2 & 4, 99 Stat. 1728, repealed section 3565 effective November 1, 1987).