**In re GRAND JURY PROCEEDINGS.**

**No. 88–2893 (Sealed Case).**

United States Court of Appeals,
Ninth Circuit.

Argued July 26, 1988.

Decided Feb. 9, 1989.

Michael R. Levine and Yvonne E. Chotzen, Federal Public Defenders, Honolulu, Hawaii, for petitioner-appellant.

Ross Nadel, Asst. U.S. Atty., San Francisco, Cal., for respondent-appellee.

Before ALARCON, POOLE and O'SCANNLAIN, Circuit Judges.

PER CURIAM:

Jane Doe,[1] target of a grand jury investigation, appeals the district court's denial of motions to quash subpoenas directed to three witnesses, who contend that the requested production would violate the psychotherapist-patient privilege, Doe's right of privacy, and Doe's right to be free from self-incrimination under the fifth amendment. We affirm.

### FACTS AND PROCEEDINGS

In 1985, Doe's infant child died on a federal reservation within the Special Federal Maritime and Territorial Jurisdiction of the United States. Since the child's death, Doe has been under the psychiatric care of John Roe, M.D.

Doe contends that the cause of death was Sudden Infant Death Syndrome (SIDS). Because murder (18 U.S.C. § 1111) was suspected, a joint investigation was conducted by the Federal Bureau of Investigation and the Army Criminal Investiga-

---

1. All documents and briefs in this matter have been filed under seal. The parties' true names will not be revealed in this opinion.

tion Division. A federal grand jury is also investigating the death.

As part of its effort to gather evidence, the government sought to compel production of Doe's psychiatric and hospital records, through the issuance of subpoenas directed to Doe's treating psychiatrist, Roe, as well as to two hospitals where treatment had been rendered.

Dr. Roe stated in an affidavit that Doe's mental condition is "fragile" and that, based upon her past history, he felt release of her confidential medical information could "seriously threaten her mental health." However, both Dr. Roe and the two hospitals have said that they will not risk contempt for failure to comply with the subpoenae but rather, upon order of the court, will provide the requested documents.

Roe and one of the hospitals filed motions to quash the subpoenas; Doe filed a motion to quash all subpoenas related to her psychiatric records. After a telephone hearing, the district court consolidated and denied all motions to quash subpoenas and granted the government's motion to compel production.

Doe appealed the denial of the motions to quash the subpoenas; this court granted a temporary stay of the order to produce pending resolution of this appeal.

## DISCUSSION

### 1. *Jurisdiction*

Ordinarily, one who resists the production of subpoenaed information must be held in contempt before seeking review of the denial of a motion to quash a subpoena. *United States v. Ryan*, 402 U.S. 530, 532–33, 91 S.Ct. 1580, 1581–82, 29 L.Ed.2d 85 (1971); *In re Grand Jury Subpoena Served Upon Niren*, 784 F.2d 939, 941 (9th Cir.1986). An exception to this rule was recognized in *Perlman v. United States*, 247 U.S. 7, 13, 38 S.Ct. 417, 419–20, 62 L.Ed. 950 (1918), where an immediate appeal was allowed by the owner of property ordered produced which, at the time, was in possession of a court clerk. The court reasoned that the clerk could not be expect-

ed to risk a contempt citation on behalf of the owner and therefore the owner was "powerless to avert the mischief of the order." *Id. See Ryan*, 402 U.S. at 532, 91 S.Ct. at 1581–82. An immediate appeal may be taken if third parties to whom subpoenas are directed will not risk contempt simply to create a final order for the person asserting the privilege. *United States v. Nixon*, 418 U.S. 683, 691, 94 S.Ct. 3090, 3099, 41 L.Ed.2d 1039 (1974); *In re Grand Jury Proceeding (Schofield)*, 721 F.2d 1221, 1222 (9th Cir.1983); *In re Grand Jury Subpoenas Duces Tecum (Lahodny)*, 695 F.2d 363, 364–65 (9th Cir.1982).

Since Doe has not been served with a subpoena, she cannot bring the matter before this court via a contempt proceeding. Her treating psychiatrist as well as hospitals which hold her records have argued against production, but they have also stated that they will produce the records rather than risk contempt. We find that in this circumstance the *Perlman* exception applies and jurisdiction lies over an appeal from the denial of a motion to quash. *See In re Grand Jury Proceedings (Manges)*, 745 F.2d 1250, 1251 n. 2 (9th Cir.1984).

### 2. *Psychotherapist–Patient Privilege*

This circuit has not recognized a psychotherapist-patient privilege in a criminal context. Neither have we adopted a physician-patient privilege. *See In re Grand Jury Proceedings*, 801 F.2d 1164, 1169 (9th Cir. 1986).

We recognize that Congress intended that the courts have flexibility to develop rules on privileged communications on a case-by-case basis when it enacted Fed.R. Evid. 501. *See United States v. Gillock*, 445 U.S. 360, 367, 100 S.Ct. 1185, 1190–91, 63 L.Ed.2d 454 (1980). We also note that federal privilege law, not state law, must be applied in criminal cases brought in federal court. *Id.* at 368, 100 S.Ct. at 1191. *See In re Zuniga*, 714 F.2d 632, 636 (6th Cir.), *cert. denied*, 464 U.S. 983, 104 S.Ct. 426, 78 L.Ed.2d 361 (1983).

Rule 501 provides: "The privilege of a witness, person, government, state, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." The psychotherapist-patient privilege has developed by state statutory enactment. It does not exist at common law. Because our discretion under Rule 501 is limited to the development of privileges extant in the common law, we affirm the district court's denial of the motion to quash subpoenas of Doe's psychiatric records.

When Congress chose not to enact the psychiatrist-patient privilege, it may have been unaware that that privilege did not have common law foundations. *See* S.Rep. No. 93–1277, 93rd Cong., 2d Sess. (1974), *reprinted in* 1974 U.S.Code Cong. & Admin.News 7051, 7059. We note that the Hippocratic tradition of physician non-disclosure of patient secrets is ancient; we decline to reach the merits of the efficacy of the psychotherapist-patient privilege by this holding, but we do opine that if such a privilege is to be recognized in federal criminal proceedings, it is up to Congress to define it, not this court.

### 3. *Right of Privacy*

In *Whalen v. Roe*, 429 U.S. 589, 602, 97 S.Ct. 869, 877–78, 51 L.Ed.2d 64 (1977), the Supreme Court noted that an individual possesses no reasonable expectation that his medical history will remain completely confidential. Modern medical practice requires multiple disclosures to doctors, hospital personnel, and often public health agencies. Patient charts, therefore, have a public aspect not protected by a right of privacy.

There is no general right of privacy before a grand jury. *See United States v. Calandra*, 414 U.S. 338, 353, 94 S.Ct. 613, 622, 38 L.Ed.2d 561 (1974); *In re Grand Jury Proceedings*, 801 F.2d at 1169. However, in the context of a patient initiated state court civil suit, this court has stated that there is a substantial constitutional right of privacy that extends to psy-chotherapist-patient communications. *See Caesar v. Mountanos*, 542 F.2d 1064, 1067 n. 9 (9th Cir.1976). Although the right is substantial, it is conditional rather than absolute and limited impairment of the right may be allowed if properly justified. *Id.* at 1068. The state's interest must be balanced against the patient's right to private medical records. *Hawaii Psychiatric Soc'y v. Ariyoshi*, 481 F.Supp. 1028, 1043 (D.Haw.1979). Our case is distinguishable from these situations since it involves investigation related to the federal crime of murder. Nonetheless, the district court balanced the interest of the grand jury's conduct of its investigation versus Doe's interests in maintaining private psychiatric records and found more compelling weight in the grand jury's interest. We will not disturb that finding.

### 4. *Fifth Amendment*

Doe argues that she may assert her privilege under the fifth amendment against self-incrimination to prevent the doctor and hospitals from producing her psychiatric records. However, the psychiatric records sought in this grand jury investigation are voluntarily kept business records and thus without the scope of the fifth amendment privilege. *See United States v. Doe*, 465 U.S. 605, 610, 104 S.Ct. 1237, 1240–41, 79 L.Ed.2d 552 (1984); *In re Grand Jury Proceedings*, 801 F.2d at 1167. Since the doctor and hospitals have dominion or ownership over the records, Doe may not assert her fifth amendment rights. *In re Grand Jury Proceedings (Manges)*, 745 F.2d at 1252. Where statements are given freely and voluntarily without any compelling influences, the fifth amendment privilege does not apply. *Estelle v. Smith*, 451 U.S. 454, 469, 101 S.Ct. 1866, 1876, 68 L.Ed.2d 359 (1981). *See also Perlman*, 247 U.S. at 14, 38 S.Ct. at 420.

AFFIRMED.