981 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re GRAND JURY PROCEEDINGS.
Jonathan PAUL, Witness-Appellant,
v.
UNITED STATES of America, Appellee.
 No. 92-36855.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 3, 1992.*
Decided Dec. 10, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 INTRODUCTION
 
 2
 Appellant Jonathan Paul appeals from the district court judgment holding him in contempt for refusing to testify before the grand jury. We affirm.
 
 BACKGROUND
 
 3
 On or about October 20, 1992, Paul was served with a subpoena to testify before a grand jury in Spokane, Washington. On November 3, 1992, Paul appeared as required but refused to identify people in a series of photographs. He invoked his Fifth Amendment privilege against self-incrimination. The government then granted him immunity under 18 U.S.C. § 6002. Paul still refused to testify. Before being brought before the district court judge, Paul was permitted two hours to consult by telephone with his attorney in Eugene, Oregon.
 
 
 4
 When Paul was brought before the district court judge, he confirmed that he would not testify and requested appointment of a public defender. After further questioning by the district court judge, Paul again requested the assistance of counsel. The district court judge asked Paul if there were any other reasons for his refusal to testify. Paul responded that he did not want to talk about other people without their permission. The district court then ordered Paul confined pursuant to 28 U.S.C. § 1826(a).
 
 
 5
 On November 5, 1992, Paul moved, through retained local counsel, to be released on the grounds that he was not given adequate opportunity to prepare for the hearing pursuant to Fed.R.Crim.P. 42(b), Fed.R.Crim.P. 45(d), and Fed.R.Civ.P. 6. The district court held a short hearing and denied the motion. Paul remains incarcerated in the Spokane County Jail.
 
 JURISDICTION
 
 6
 The district court's judgment finding Paul in civil contempt pursuant to 28 U.S.C. § 1826(a) was issued on November 3, 1992. The contempt order is appealable under 28 U.S.C. § 1291. Paul filed his notice of appeal on November 10, 1992. This court has jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 1291 and 28 U.S.C. § 1826(a).
 
 STANDARD OF REVIEW
 
 7
 We review the district court's adjudication of civil contempt for abuse of discretion. United States v. Grant, 852 F.2d 1203, 1204-1205 (9th Cir.1988).
 
 DISCUSSION
 
 8
 Paul contends that the district court abused its discretion and denied him due process by refusing to allow him five days in order to prepare for a contempt hearing based on his allegation that the grand jury questions were derived from illegal electronic surveillance.
 
 
 9
 Rule 42(b) states in pertinent part,
 
 
 10
 A criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the United States Attorney or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest.
 
 
 11
 This court has held that a proceeding to hold a federal grand jury witness in civil contempt for refusing to testify is "criminal enough" to require application of Fed.R.Crim.P. 42(b). United States v. Alter, 482 F.2d 1016, 1023 (9th Cir.1973). In Alter, this court held that the district court abused its discretion in failing to allow the contemnor five days for preparation where the contemnor showed that the legal issues were not simple and that resolution of the controversy could require an evidentiary hearing, and where the government gave no reason for haste. 482 F.2d at 1024. Cf. United States v. Powers, 629 F.2d 619, 625 (9th Cir.1980) (criminal contempt).
 
 
 12
 The Alter case clearly provides significant due process protections for grand jury witnesses. However, the case established that the amount of process that is due depends on the circumstances of the case. 482 F.2d at 1023. A five-day period is not required in every contempt matter. Id. Here, Paul had two weeks notice of his required appearance before the grand jury. He consulted with an attorney who was on call by telephone during his grand jury testimony. When Paul refused to testify, the district court judge asked Paul to identify his reasons for refusal. The only reason Paul offered at that time was that he did not want to implicate his friends. He made no allegation regarding electronic surveillance.
 
 
 13
 At the November 5 hearing, when Paul was represented by retained counsel, his attorney raised, for the first time, the issue of possible illegal electronic surveillance. Neither Paul nor his attorney offered any evidence of the alleged surveillance. Paul's attorney merely stated that he wanted time to investigate this as a possible issue.[1] The district court found that Paul had made a bald allegation of illegal electronic surveillance.
 
 
 14
 The district court did not abuse its discretion in holding Paul in contempt. Paul received the opportunity to consult with his counsel by telephone. Paul failed to offer any legitimate reasons why he would not testify before the grand jury nor he did identify a complex legal or factual issue that warranted an evidentiary hearing or a five day delay. Rather, he made a completely unsubstantiated claim of illegal electronic surveillance. Such a claim does not create a complex legal issue warranting a five day delay.[2]
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 A grand jury witness charged with civil contempt may assert in defense the prohibition of 18 U.S.C. § 2515 against government use of unauthorized electronic surveillance. Gelbard v. United States, 408 U.S. 41 (1972). When a grand jury contemnor makes a particularized allegation of illegal electronic surveillance, the government must affirm or deny the specific charges made. United States v. Vielguth, 502 F.2d 1257 (9th Cir.1974); See also Alter, 482 F.2d at 1027
 The Seventh Circuit and the Tenth Circuit have held that where an allegation of electronic surveillance is unsupported, it is not necessary for the government to file a response affirming or denying the allegation. Rather, an oral denial is sufficient to defeat the claim. In Re Grand Jury Witness Vigil, 524 F.2d 209 (10th Cir.1975); In Re Grand Jury Proceedings of August, 1984 (Ghibaudy), 757 F.2d 108 (7th Cir.1984). Here, the United States Attorney denied the allegation and offered to file an affidavit stating that the United States government had not engaged in any type of electronic surveillance with respect to Paul's appearance before the grand jury.
 
 
 [2]
 Appellant's motion to file his reply brief late is granted