995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
INTEGRATED COMPUTER SYSTEMS PUBLISHING CO., INC.,
Plaintiff-counterclaim-defendant-Appellant,
v.
The LEARNING TREE OPEN UNIVERSITY, Defendant-Appellee,
GSG Enterprises, Inc., Defendant-counterclaimant-plaintiff-Appellee.
INTEGRATED COMPUTER SYSTEMS PUBLISHING CO., INC.,
Plaintiff-counterdefendant-Appellee,
v.
The LEARNING TREE OPEN UNIVERSITY,
Defendant-counterplaintiff-Appellant.
INTEGRATED COMPUTER SYSTEMS PUBLISHING CO., INC.,
Plaintiff-counterclaim-defendant-Appellant,
v.
The LEARNING TREE OPEN UNIVERSITY; GSG Enterprises, Inc.,
Defendants-counterclaimants-Plaintiff-Appellees.
 Nos. 92-55027, 92-55075 and 91-55480.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1993.
Decided June 8, 1993.
 
 1
 Before: D.W. NELSON, WIGGINS, LEAVY, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 FACTS AND PRIOR PROCEEDINGS
 
 3
 In February, 1987, Integrated Computer Services, Inc. ("ICSP") and G.S.G. Enterprises, Inc., or the Learning Tree Open University ("LTU"), entered into a consent judgment in settlement of federal trademark infringement claims, trademark cancellation counterclaims, and counterclaims for trademark infringement under California law. The judgment outlined the rights of each party to use the words "Learning Tree" in their respective businesses. In 1989, ICSP changed its name to Learning Tree International. LTU objected and one year later moved for a contempt order in district court. Both sides filed motions for summary judgment. The district court granted LTU's motion, holding ICSP in contempt of the 1987 consent judgment. ICSP filed a notice of appeal and moved for a stay of the judgment pending appeal. The district court denied the motion to stay and entered a second contempt order. ICSP appeals, and we reverse.
 
 STANDARD OF REVIEW
 
 4
 Generally contempt orders are reviewed only for an abuse of discretion. See Diamontiney v. Borg, 918 F.2d 793, 795 (9th Cir.1990); United States v. Grant, 852 F.2d 1203, 1204-05 (9th Cir.1988). However, we review de novo a district court's interpretation of a consent decree, see Thompson v. Enomoto, 915 F.2d 1383, 1388 (9th Cir.1990), cert. denied, 112 S.Ct. 965 (1992); Jeff D. v. Andrus, 899 F.2d 753, 761 (9th Cir.1989), and a grant of summary judgment. See Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339 (9th Cir.1990).
 
 DISCUSSION
 
 5
 Contempt must be proven by clear and convincing evidence. See Vertex Distr., Inc. v. Falcon Foam Plastics, Inc., 689 F.2d 885, 889 (9th Cir.1982). "[I]f a defendant's action 'appears to be based on a good faith and reasonable interpretation of [the court's order],' " we will not hold the defendant in contempt. Id. (quoting Rinehart v. Brewer, 483 F.Supp. 165, 171 (S.D.Iowa 1980)); see also United States v. Koblitz, 803 F.2d 1523, 1527 (11th Cir.1986) ("A civil contempt order can only be upheld if it is supported by clear and convincing evidence that ... the underlying order was clear, definite, and unambiguous,...."). We apply the contract law of the situs state, California, in construing the terms of a consent judgment.[1] Thompson, 915 F.2d at 1388.
 
 
 6
 The focus of the parties dispute is paragraph two of the consent judgment, which provides:
 
 
 7
 2. ICSP admits that G.S.G. Enterprises, Inc., [LTU] has the exclusive California statutory and common law rights, as qualified by paragraphs 3 and 5 of this order, to use the service marks, trademarks, and trade names THE LEARNING TREE UNIVERSITY and LEARNING TREE OPEN UNIVERSITY in Ventura, Los Angeles, and Orange Counties in association with certain adult educational services including computer and professional development courses, goods and a business for the delivery of the same. ICSP shall not use the words "Learning Tree" or forms thereof in Ventura, Los Angeles, and Orange Counties in its tradename or in its service marks or trademarks other than on or in association with the goods and services in the registrations cited above, or in association with professional development courses and on goods related thereto.
 
 
 8
 The remaining provisions of the consent judgment define the companies' various rights with respect to use of the words "Learning Tree" both in and out of the three California counties. Several provisions contain restrictions on LTU's use of the phrases "Learning Tree" and "from the Learning Tree." Except for the disputed portion of paragraph two, absolutely no mention is made of ICSP's use of the words "Learning Tree" in its tradename within the counties.
 
 
 9
 ICSP contends that the "plain language" of paragraph two permits it to use the words "Learning Tree" as part of its tradename, so long as it does so "on or in association with the goods and services in the [trademark] registrations ..., or in association with professional development courses and on goods related thereto." Conversely, LTU maintains that this same "plain language" precludes any and all use by ICSP of the words "Learning Tree" in its tradename in the three counties. LTU argues that ICSP is allowed to use the words "Learning Tree" only in service marks or trademarks "on or in association with the goods and services in the [trademark] registrations ..., or in association with professional development courses related thereto," and not in a tradename. The district court agreed with LTU, concluding that the second sentence of paragraph two must be read to preclude any and all use by ICSP of the words Learning Tree in its tradename. We disagree.
 
 
 10
 First, we note that the parties amended the first sentence of paragraph two of the consent judgment, deleting the words "The Learning Tree," just before signing. Before the change, the first sentence would have given LTU exclusive rights to use of the words "The Learning Tree" subject only to the provisions of paragraphs three and five. After the change, LTU had the exclusive right only to use the words "The Learning Tree University" and "The Learning Tree Open University." Other paragraphs restricted LTU's use of the words "The Learning Tree" so that those words could be used only if done so in conjunction with the words University or Open University. While these changes do not offer any conclusive insights into the intent of the parties, they do indicate that ICSP has made some effort to preserve its rights to use the words "The Learning Tree" in a tradename.
 
 
 11
 Second, LTU bears the burden of showing contempt by clear and convincing evidence, see Vertex, 689 F.2d at 889, and LTU has not borne this burden. LTU has failed to show that the parties intended the consent judgment to preclude any and all use of the words "Learning Tree" by ICSP in its tradename in the three counties. Indeed, the name change appears to have been beyond the parties' contemplation at the time the judgment was entered.
 
 
 12
 Third, and most important, we believe that paragraph two of the consent judgment reasonably can be read to support the position advanced by either party. Thus, the name change "appears to be based on a good faith and reasonable interpretation" of the consent judgment, and ICSP should not be held in contempt. See Vertex, 689 F.2d at 889. Therefore, we reverse the district court's initial contempt order.
 
 
 13
 This court has ruled that a civil contempt order will fail if the order on which it is based is invalidated. See Davies v. Grossmont Union High School Dist., 930 F.2d 1390, 1396-1400 (9th Cir.), cert. denied, 111 S.Ct. 2892 (1991); Scott & Fetzer Co. v. Dile, 643 F.2d 670, 675 & n. 8 (9th Cir.1981). Because the initial contempt order was erroneous, we also reverse the second contempt order, which was based on ICSP's failure to comply with the first order. Moreover, any order that ICSP pay LTU's attorneys' fees because LTU was the prevailing party is hereby vacated. In addition, we affirm the district court's denial of LTU's request for additional attorneys' fees in connection with the second contempt order.
 
 
 14
 Accordingly the judgment of the district court is REVERSED in part, VACATED in part, and AFFIRMED in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "Under California law, the intent of the parties determines the meaning of the contract." See United Commercial Ins. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir.), cert. denied, 113 S.Ct. 254 (1992). "The relevant intent is 'objective'--that is, the intent manifested in the agreement and by surrounding conduct--rather than the subjective beliefs of the parties." Id. (citing Beck v. American Health Group Int'l, 260 Cal.Rptr. 237, 242 (1989))