12 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re GRAND JURY PROCEEDINGS.
Gustave ALBA; Nancy Alba, Witnesses-Appellants,
v.
UNITED STATES of America, Appellee.
 No. 93-17014.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1993.*
Decided Dec. 2, 1993.
 
 1
 Before: SNEED, NOONAN and TROTT, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Nancy Alba and Gustave Alba appeal the district court's adjudication of contempt for their refusal to testify before the grand jury. The Albas claim that the district court erred by failing to recognize a family privilege that would prohibit the government from compelling their testimony against the target of the grand jury, Natale Richichi, Nancy Alba's father and Gustave Alba's father-in-law, and by failing to accept their claim of an adverse testimony spousal privilege. We have jurisdiction under 28 U.S.C. Sec. 1291, and we reverse and remand to the district court.
 
 
 4
 We review the district court's adjudication of civil contempt for an abuse of discretion. United States v. Grant, 852 F.2d 1203, 1204-1205 (9th Cir.1988).
 
 FAMILY PRIVILEGE
 
 5
 The testimonial privilege of a witness "shall be governed by the principles of common law as they may be interpreted by the courts of the United States in the light of reason and experience." Fed.R.Evid. 501. We have the discretion to develop rules on privileged communications based on privileges extant in the common law on a case-by-case basis. In Re Grand Jury Proceedings (Doe), 867 F.2d 562, 564-65 (9th Cir.) (per curiam), cert. denied, 493 U.S. 906 (1989). We have previously held that "there is no judicially or legislatively recognized general 'family' privilege." United States v. Penn, 647 F.2d 876, 885 (9th Cir.) (en banc), cert. denied, 449 U.S. 903 (1980). Six other circuits have also rejected the concept of a family privilege. See Grand Jury Proceedings of John Doe v. United States, 842 F.2d 244, 247 (10th Cir.1988); United States v. Ismail, 756 F.2d 1253, 1258 (6th Cir.1985); United States v. Davies, 768 F.2d 893, 896-98 (7th Cir.1984), cert. denied, 474 U.S. 1008 (1985); In Re Grand Jury Subpoena of Dominic Santarelli, 740 F.2d 816, 817 (11th Cir.1984) (per curiam); In Re Grand Jury Subpoena Issued to Lawrence Mathews, 714 F.2d 223, 224-25 (2d Cir.1983); and United States v. Jones, 683 F.2d 817, 818-19 (4th Cir.1982).
 
 
 6
 Here, the Albas claim a family privilege which would prohibit the government from compelling their testimony in a grand jury investigation of Natale Richichi, Nancy Alba's father and Gustave Alba's father-in-law. The Albas claim that their religious belief that parents should be honored and their belief that testifying against Richichi would damage their close familial relationship allows them to assert a family privilege. They argue that a family privilege exists or should exist in this circuit, and that the district court erred by failing to recognize the family privilege.[1]
 
 
 7
 There is no general family privilege that would prohibit the government from compelling the Albas to testify against Richichi. See Penn, 647 F.2d at 885. The Albas have failed to show that the district court abused its discretion by declining to recognize such a privilege. See Grant, 852 F.2d at 1205.
 
 SPOUSAL PRIVILEGE
 
 8
 The adverse testimony spousal privilege allows the testifying spouse to refuse to testify against the non-testifying spouse. Trammel v. United States, 445 U.S. 40, 53 (1980).[2] The United States can compel the testimony of a reluctant witness who invokes the Fifth Amendment privilege against self-incrimination, if the witness has been granted use immunity for the testimony under 18 U.S.C. Sec. 6002. Kastigar v. United States, 406 U.S. 441, 453 (1972). Section 6002 provides that a witness granted use immunity under the section "may not refuse to [testify] ... on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order ... may be used against the witness in any criminal case...." 18 U.S.C. Sec. 6002 (emphasis added).
 
 
 9
 Here, the district court granted the Albas use immunity for their testimony pursuant to 18 U.S.C. Secs. 6002, 6003 and ordered them to testify and produce documents before the grand jury. In addition, the government stated on the record that neither appellant was a target of the grand jury and that the government would not disclose the testimony of either appellant to any other district. Nevertheless, the Albas refused to testify or produce documents before the grand jury.
 
 
 10
 Section 6002 provides use immunity only for the testifying witness who has invoked a privilege against self-incrimination. See 18 U.S.C. Sec. 6002; Kastigar, 406 U.S. at 453. The district court's grant of immunity to the Albas under section 6002 does not prevent the use of the testimony of one spouse to be used against the other, which is the basis of the adverse testimony spousal privilege. See Trammel, 445 U.S. at 53. Moreover, the limitation of the use immunity to the District of Nevada appears inadequate protection of the Albas under the circumstances of this case. Accordingly, the district court abused its discretion by holding the Albas in contempt based on their refusal to testify or produce documents before the grand jury given the Albas claim of an adverse testimony spousal privilege. The district court's order of contempt is therefore REVERSED and the case is REMANDED to the district court.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The Albas base their claim on In Re Agosto, 553 F.Supp. 1298 (D.Nev.1983). In Agosto, the district court quashed a grand jury subpoena based on a "parent-child" privilege that would prohibit the government from compelling a child to testify against his parent. See Agosto, 553 F.Supp. at 1325
 The Albas' reliance on Agosto is unpersuasive. The holding in Agosto is contrary to our decision in Penn and contrary to the overwhelming weight of case law from other circuits that also reject the concept of a family privilege.
 
 
 [2]
 The adverse testimony spousal immunity differs from the confidential communication privilege in that the latter protects specific information privately disclosed in the confidence of a marital relationship while the former is a broader privilege that seeks to prohibit the government from compelling one spouse to testify against the other regarding criminal acts and communications made in the presence of a third person. Trammel, 445 U.S. at 51-53. The Albas do not claim that the subpoenas would require them to divulge private information disclosed in the confidence of a marital relationship, but rather that the testimony of one spouse would be used in the prosecution of the other