19 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re GRAND JURY PROCEEDINGS,
Gustave ALBA and Nancy Alba, Witnesses-Appellants,
v.
UNITED STATES of America, Appellee.
 No. 94-15227.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 9, 1994.
 
 1
 Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Nancy Alba and Gustave Alba appeal the district court's adjudication of contempt for their refusal to testify before the grand jury.[1] The Albas claim that the district court erred by failing to accept their claims of an adverse testimony spousal privilege and a confidential marital communication privilege. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.[2]
 
 
 4
 We review the district court's adjudication of civil contempt for an abuse of discretion. United States v. Grant, 852 F.2d 1203, 1204-1205 (9th Cir.1988).
 
 
 5
 The adverse testimony spousal privilege differs from the confidential marital communication privilege in that the latter protects specific information privately disclosed in the confidence of a marital relationship while the former is a broader privilege that seeks to prohibit the government from compelling one spouse to testify against the other regarding criminal acts and communications made in the presence of a third person. Trammel v. United States, 445 U.S. 40, 51-53 (1980). We have previously held that the marital communication privilege does not apply when both spouses are involved in the criminal activity. United States v. Marashi, 913 F.2d 724, 731 (9th Cir.1990). In determining whether a testimonial privilege may be overcome by a grant of immunity, the question is whether the immunity granted is coextensive with the privilege asserted by the testifying witness. Kastigar v. United States, 406 U.S. 441, 449 (1972) (finding use immunity, granted pursuant to 18 U.S.C. Sec. 6002, sufficient to overcome privilege against self-incrimination). "While a grant of immunity must afford protection commensurate with that afforded by the privilege, it need not be broader." Id. at 453.
 
 
 6
 Here, the Albas were called to testify before a grand jury concerning the target of the grand jury, Natale Richichi, Nancy Alba's father and Gustave Alba's father-in-law. They each refused to testify claiming both an adverse testimony spousal privilege and a confidential marital communication privilege. The district court granted the Albas use immunity for their testimony pursuant to 18 U.S.C. Secs. 6002, 6003 and ordered them to testify and produce documents before the grand jury. In addition, the government provided written assurances from the United States Attorney's office for the District of Nevada and ten other federal districts that neither the testimony nor the fruits of any testimony of either Nancy or Gustave Alba would be used against the other in any criminal prosecution.[3] Nevertheless, the Albas refused to testify or produce documents before the grand jury.
 
 
 7
 The record indicates that the Albas were joint participants in the alleged criminal activities under investigation. Accordingly, the marital communication privilege is not available to them. See Marashi, 913 F.2d at 731. Their status as husband and wife do allow them to invoke the adverse testimony spousal privilege. See Trammel, 445 U.S. at 53. Nevertheless, the assurances provided by the government are coextensive with the protection provided by the privilege in that they ensure that the testimony of one spouse will not be adverse to the other spouse. See id. Accordingly, the government's actions are sufficient to overcome the adverse testimony spousal privilege asserted by the Albas. See Kastigar, 406 U.S. at 449-453. The district court did not abuse its discretion by adjudicating the Albas to be in contempt. See Grant, 852 F.2d at 1204-05. The judgment of the district court is
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 On December 2, 1993, this court affirmed in part and reversed in part the district court's previous adjudication of contempt against the Albas and remanded to the district court
 
 
 [2]
 The Albas also claim that Nevada state law should apply to the grand jury proceedings and that any incarceration resulting from the contempt holding would be punitive rather coercive
 Appellants' claim that Nevada state law should apply in the grand jury proceedings is without merit. We have previously held that federal privilege law, not state law, applies to criminal cases brought in federal court. In Re Grand Jury Proceedings (Doe), 867 F.2d 562, 564 (9th Cir.), cert. denied, 493 U.S. 906 (1989).
 The Albas have not spent any time in custody as a result of their refusal to testify. Accordingly, their claim that their incarceration would be punitive rather than coercive is premature. See Securities and Exchange Commission v. Elmas Trading Corp., 824 F.2d 732, 733 (9th Cir.1987); Simkin v. United States, 715 F.2d 34, 37 (2d Cir.1983).
 
 
 [3]
 Specifically, the government presented written assurances from United States Attorney's offices for the District of Nevada, the District of New Jersey, the District of Rhode Island, the Central District of California, the Eastern, Western, Southern and Northern Districts of New York, and the Northern, Middle and Southern Districts of Florida