29 F.3d 631
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re GRAND JURY PROCEEDINGS.
Patricia MIRELES, Witness-Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-55644.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 13, 1994.*
Decided June 14, 1994.
 
 Before: TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patricia Mireles appeals the district court's adjudication of contempt, pursuant to 28 U.S.C. Sec. 1826, for her refusal to testify before the grand jury. Appellant claims that the district court erred by failing to accept her claim of an adverse testimony spousal privilege and a confidential marital communication privilege. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review the district court's adjudication of civil contempt for an abuse of discretion. United States v. Grant, 852 F.2d 1203, 1204-05 (9th Cir.1988). We review de novo the district court's ruling on the scope of a privilege. In re Grand Jury Subpoenas Dated December 10, 1987, 926 F.2d 847, 858 (9th Cir.1991).
 
 
 4
 "The burden of demonstrating the existence of an evidentiary privilege rests on the party asserting the privilege." United States v. Zolin, 809 F.2d 1411, 1415 (9th Cir.1987), aff'd in part, rev'd in part on other grounds, 491 U.S. 554 (1989). Use of a marital privilege requires the existence of a valid marriage under state law. United States v. Roberson, 859 F.2d 1376, 1380 (9th Cir.1988).
 
 
 5
 At the time of Mireles' marriage, California Civil Code Section 4213 provided in part that an unmarried woman and an unmarried man may be married, without a license, by any person authorized to solemnize a marriage. Cal.Civ.Code Sec. 4213(a). Under section 4205.5 of the Code, an official of a nonprofit religious institution who possessed a degree of doctor of philosophy was authorized to solemnize the marriage of a person affiliated with or who was a member of the religious institution. Cal.Civ.Code Sec. 4205.5. The Code also contained a provision to "save" those marriages which did not comply with procedural requirements such as a late filing of the marriage certificate, but the Code did not address the scenario in which the person presiding over the marriage ceremony lacked the qualifications to solemnize the marriage. Cal.Civ.Code Sec. 4200.
 
 
 6
 Here, Mireles refused to comply with the district court order that she testify before the grand jury. She claimed to be married to the target of the grand jury and asserted her marital privilege not to testify.
 
 
 7
 Mireles was married to the target of the grand jury by William Finch. Mr. Finch testified before the district court that: 1) he does not possess a degree of doctor of philosophy; 2) he performed Patricia Mireles' marriage ceremony in 1988; 3) he signed her marriage certificate as minister of the Faith Chapel; and 4) the Faith Chapel ceased to exist in 1983.
 
 
 8
 The district court found that Mr. Finch was not authorized to solemnize Mireles' marriage and that the marriage was not valid under California law. See Cal.Civ.Code Secs. 4200, 4205.5, 4213(a). Based on that finding, the district court held that Mireles was precluded from asserting a marital privilege.
 
 
 9
 Mireles has not sustained her burden of proving that her marriage was valid under California law.[1] She is therefore precluded from asserting a marital privilege. See Roberson, 859 F.2d at 1378; Zolin, 809 F.2d at 1415. Accordingly, the district court did not abuse its discretion in rejecting Mireles' claim of a marital privilege.
 
 
 10
 The district court judgment of contempt is AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Appellant contends that the marriage is valid regardless of whether Mr. Finch was authorized to perform the ceremony. Mireles cites the savings provision of the Code. The Code's savings provision covered noncompliance with procedural requirements but did not address a lack of qualifications to solemnize a marriage. Cal.Civ.Code Sec. 4200
 Section 4200 provided:
 Sec. 4200. Procedural requirements; effect of noncompliance
 Marriage must be licensed, solemnized, authenticated, and the certificate of registry of marriage filed as provided in this article; but noncompliance with its provisions by other than a party to a marriage does not invalidate it.
 Cal.Civ.Code Sec. 4200.