**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Wilkie Bill BURTRUM, Jr., Defendant–Appellant.**

**No. 93–5021.**

United States Court of Appeals, Tenth Circuit.

Feb. 25, 1994.

---

Robert Nigh, Jr., Assistant Federal Public Defender, Tulsa, Oklahoma, for Defendant–Appellant.

Thomas Scott Woodward, Assistant United States Attorney, (F.L. Dunn, III, United States Attorney, with him on the brief), Tulsa, Oklahoma, for Plaintiff–Appellee.

Before KELLY, GODBOLD [†] and MCWILLIAMS, Circuit Judges.

PAUL KELLY, Jr., Circuit Judge.

Defendant-appellant Wilkie Bill Burtrum, Jr., appeals his conviction of sexually abusing two children in violation of 18 U.S.C. §§ 2241(c) and 2244(a)(1). Mr. Burtrum argues that the district court erred when it admitted "privileged" testimony from his psychotherapist. Our jurisdiction arises under 28 U.S.C. § 1291. Because we hold that no psychotherapist evidentiary privilege exists in criminal child sexual abuse cases, we affirm.

## Background

Mr. Burtrum was convicted of two counts of oral sodomy with a child under the age of twelve, 18 U.S.C. § 2241(c), and two counts of sexual contact with a child under the age of twelve, 18 U.S.C. § 2241(a)(1). The offenses occurred within Indian country, conferring jurisdiction on the district court under 18 U.S.C. §§ 1151 & 1153. Shortly after the alleged incidents occurred, Mr. Burtrum sought marital counseling and treatment for depression from Mr. Joe Miller, a psychotherapist. During therapy, Mr. Burtrum admitted the incidents and was diagnosed as a pedophile.

Mr. Burtrum moved in limine to exclude testimony and records of his psychotherapy, which the court denied. Over proper objec-

---

[†] The Honorable John C. Godbold, Senior United States Circuit Judge for the United States Court of Appeals–Eleventh Circuit, sitting by designation.

tion, the court compelled Mr. Burtrum's psychotherapist to testify. In its order, the district court recognized a qualified psychotherapist/client privilege, adopting the reasoning of *In re Doe,* 964 F.2d 1325 (2d Cir. 1992). The Second Circuit recognizes such a privilege, but weighs "whether the evidentiary need for the psychiatric history of a witness outweighs the privacy interest of that witness." *Doe,* 964 F.2d at 1328. Applying this balancing test, the district court determined that the public interest in protecting young children from sexual abuse "far outweighs the [defendant's] personal privacy interest and the need for informed medical assistance." Aplt.App. at 3.

Mr. Burtrum contends that the district court correctly recognized a psychotherapist/client privilege but misapplied the Second Circuit's balancing test. He asserts that his signature on an admission form acknowledging that his communications were not confidential under federal law indicates merely that he realized his therapist might report his crimes, not that his therapist might testify against him in a prosecution. According to Mr. Burtrum, child molesters will not seek treatment, and prevention of child sexual abuse will be inhibited, in the absence of a psychotherapist/client privilege.

## Discussion

 Whether a testimonial privilege exists in a federal criminal case is a question of law, which we review de novo. *See United States v. Deffenbaugh Indus.,* 957 F.2d 749, 751 (10th Cir.1992). Federal law controls questions of privilege in federal prosecutions. Fed.R.Evid. 501; *United States v. Gillock,* 445 U.S. 360, 368, 100 S.Ct. 1185, 1191, 63 L.Ed.2d 454 (1980). Rule 501 provides that testimonial privilege "shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience...."

The Supreme Court has taken a cautious approach to expansion of common law privileges. It narrowed the spousal privilege in *Trammel v. United States,* 445 U.S. 40, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980), holding that an adverse witness spouse holds the privilege

and may testify over objection of the other spouse. *Id.* at 53, 100 S.Ct. at 913. In *United States v. Gillock,* 445 U.S. 360, 367–68, 100 S.Ct. 1185, 1190–91, 63 L.Ed.2d 454 (1980), the Court declined to recognize a state privilege for state legislators in federal court, noting that such a privilege was not recognized at common law. More recently, in *University of Penn. v. EEOC,* 493 U.S. 182, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990), the Supreme Court declined to recognize a privilege for academic peer review proceedings. The Court stated: "[W]e are disinclined to exercise this authority expansively. We are especially reluctant to recognize a privilege in an area where it appears that Congress has considered the relevant competing concerns but has not provided the privilege itself." *Id.* at 189, 110 S.Ct. at 582.

The circuits are split on whether to recognize a psychotherapist/client privilege. The Fifth, Ninth and Eleventh Circuits have refused to create privileges that were not part of the common law. *See In re Grand Jury Proceedings,* 867 F.2d 562, 565 (9th Cir.), *cert. denied,* 493 U.S. 906, 110 S.Ct. 265, 107 L.Ed.2d 214 (1989); *United States v. Corona,* 849 F.2d 562, 567 (11th Cir.1988), *cert. denied,* 489 U.S. 1084, 109 S.Ct. 1542, 103 L.Ed.2d 846 (1989); *United States v. Meagher,* 531 F.2d 752, 753 (5th Cir.), *cert. denied,* 429 U.S. 853, 97 S.Ct. 146, 50 L.Ed.2d 128 (1976). The Sixth Circuit recognized a psychotherapist/client privilege in *In re Zuniga,* 714 F.2d 632, 636–37 (6th Cir.) (citing *Trammel,* 445 U.S. at 48, 100 S.Ct. at 911), *cert. denied,* 464 U.S. 983, 104 S.Ct. 426, 78 L.Ed.2d 361 (1983). The Second Circuit recognized a qualified privilege in *In re Doe,* 964 F.2d 1325 (1992), but noted that the privilege amounts to no more than consideration of a witness's privacy interests when weighing evidentiary need. *Id.* at 1328–29.

We have not been required to address whether a psychotherapist/client privilege exists because a waiver was found in each case where the privilege issue was raised. *See Dixon v. City of Lawton,* 898 F.2d 1443, 1450 (10th Cir.1990); *United States v. Crews,* 781 F.2d 826, 831 (10th Cir.1986). In the present case, we decide only the narrow question of whether to recognize a psychotherapist/client

privilege in a criminal child sexual abuse context.

■ No psychotherapist/client privilege existed at common law nor has Congress created one. In adopting Rule 501, Congress preserved privilege law as it then existed in federal court rather than incorporating state law privileges in criminal and other federal question cases. S.Rep. No. 1277, 93d Cong., 2d Sess. ——, *reprinted in* 1974 U.S.C.C.A.N. 7051, 7059. We note that Congress declined to recognize several specific privileges, including a psychotherapist/client privilege proposed as Rule 504. *Id.; cf. University of Penn.,* 493 U.S. at 189, 110 S.Ct. at 582.

■ Generally, privileges are disfavored in criminal cases. In the pursuit of justice, the public has a right to every person's evidence unless protected by constitutional, common law or statutory privilege. *United States v. Nixon,* 418 U.S. 683, 709, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (1974) (citing *United States v. Bryan,* 339 U.S. 323, 331, 70 S.Ct. 724, 730, 94 L.Ed. 884 (1950)). Thus, there is "a strong presumption against testimonial privileges because they result in the suppression of competent evidence." *In re Grand Jury Proceedings of John Doe,* 842 F.2d 244, 246 (10th Cir.), *cert. denied,* 488 U.S. 894, 109 S.Ct. 233, 102 L.Ed.2d 223 (1988). We have been reluctant to create privileges in the criminal context where none existed at common law. *Id.*

■ Criminal child sexual abuse cases illustrate well the policy reasons behind the presumption against testimonial privileges in criminal cases. These crimes occur in a clandestine manner and victimize a vulnerable segment of society. Moreover, minor victims often are intimidated by the legal system and may have difficulty testifying. *See* H.R.Rep. No. 681(I), 2d Sess. 165–70, *reprinted in* 1990 U.S.C.C.A.N. 6472, 6571–76 (recommending special trial procedures for child victims). Thus, these crimes may be difficult to detect and prosecute. *See generally id.* at 166, *reprinted in* 1990 U.S.C.C.A.N. at 6572 (well-documented need for increased resources to investigate and prosecute child abuse). We conclude that significant evidentiary need compels the admission of this type of rele-

vant evidence in child sexual abuse prosecutions. We decline to recognize a psychotherapist/client privilege in a criminal child sexual abuse case.

■ Mr. Burtrum argues that child molesters will not seek treatment without a privilege, and that, as a result, society will suffer a relative increase in active molesters. He does not cite legal or other authority for this position. We note, however, that studies cast a doubtful light on Mr. Burtrum's premise. *See* Jeffrey A. Klotz, *Limiting the Psychotherapist–Patient Privilege: The Therapeutic Potential,* 27 Crim.L.Bull. 416 (1991); Daniel W. Shuman & Mryon S. Weiner, *The Privilege Study: An Empirical Examination of the Psychotherapist–Patient Privilege,* 60 N.C.L.Rev. 893 (1982). Moreover, the record shows that Mr. Burtrum did not seek treatment for pedophilia; rather, he sought marital counseling and treatment for depression. We are not persuaded by Mr. Burtrum's policy argument.

Because we hold that Mr. Burtrum may assert no privilege regarding his psychotherapy communications of sexual experiences with children, we need not address the government's argument that he waived a privilege by signing the hospital admission form.

AFFIRMED.