Deborah MINES, Administrator of
the Estate of Darian Mines,
Deceased, et al.,

v.

CITY OF PHILADELPHIA, et al.

Civ. A. No. 93–3052.

United States District Court,
E.D. Pennsylvania.

Oct. 3, 1994.

Alan E. Denenberg, David A. Soltz, Abramson and Denenberg, P.C., and Armando A. Pandola, Jr., Philadelphia, PA, for plaintiffs.

Jeffrey M. Scott, Asst. City Sol., Philadelphia, PA, for defendants.

## MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before the Court are the defendant City of Philadelphia's Motion to Quash a Subpoena and Issue a Protective Order Pursuant to Fed.R.Civ.P. 26(c), and the plaintiffs' response.

### I. BACKGROUND

The plaintiffs in this civil rights action claim that Philadelphia Police Officer, Walker Stevenson, used excessive force when he shot and killed Darian Mines on June 8, 1993. Pursuant to § 1983 and pendent state law causes of action, the plaintiffs seek to recover damages from the City of Philadelphia, Officer Stevenson and former Police Commissioner Willie Williams.

During discovery the plaintiffs subpoenaed the medical and psychiatric records of Officer Stevenson. The defendants have filed the present motion requesting that the Court quash the subpoena on the grounds that the material requested is privileged under the psychotherapist-patient privilege, or, in the alternative, request that a protective order be issued limiting the disclosure of the information requested. The plaintiffs oppose the request to quash the subpoena but do not oppose the issuance of an appropriate protective order.

### II. DISCUSSION

The scope and applicability of a privilege in an action in which jurisdiction is

based on a federal question is to be governed by the Federal Rules of Evidence. *In re Doe,* 964 F.2d 1325, 1327 (2d Cir.1992); *Siegfried v. City of Easton,* 146 F.R.D. 98, 99 (E.D.Pa.1992). Pursuant to Rule 501 of the Federal Rules of Evidence, issues regarding privileges are to be "governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience."

The Third Circuit has not squarely addressed the issue of whether a psychotherapist-patient privilege exists under the federal rules. The Circuits that have addressed the issue are split. The Fifth, Ninth and Eleventh Circuits have refused to recognize the psychotherapist-patient privilege. *See In re Grand Jury,* 867 F.2d 562 (9th Cir.), *cert. denied* 493 U.S. 906, 110 S.Ct. 265, 107 L.Ed.2d 214 (1989); *United States v. Corona,* 849 F.2d 562 (11th Cir.1988), *cert. denied,* 489 U.S. 1084, 109 S.Ct. 1542, 103 L.Ed.2d 846 (1989); *United States v. Meagher,* 531 F.2d 752 (5th Cir.), *cert. denied,* 429 U.S. 853, 97 S.Ct. 146, 50 L.Ed.2d 128 (1976). The Tenth Circuit has rejected the psychotherapist-patient privilege in cases involving criminal child sexual abuse. *United States v. Burtrum,* 17 F.3d 1299 (10th Cir.1994). The only Circuit to explicitly recognize the psychotherapist-patient privilege is the Sixth Circuit. *In re Zuniga,* 714 F.2d 632 (6th Cir.1983).

The Second Circuit adopted a highly qualified version of the privilege in *In re Doe,* 964 F.2d 1325 (2d Cir.1992). There, the Second Circuit surveyed the history and application of the privilege and concluded that:

> Given the importance of the interest at stake, personal privacy and the need for informed medical assistance, and the widespread recognition of the privilege adopted in forty-nine states, we recognize the existence of the privilege under Rule 501. However, we also recognize ... that the privilege is highly qualified and requires a case-by-case assessment of whether the evidentiary need for the psychiatric history of the witness outweighs the privacy interest of that witness. Indeed, the privilege amounts only to a requirement that a court give consideration to a witness's privacy as

an important factor to be weighed in the balance in considering the admissability of psychiatric histories or diagnoses.

*Id.* at 1328–29 (citations omitted); *see also Siegfried,* 146 F.R.D. at 100 (adopting the Second Circuit's approach and reasoning).

■ This Court finds the case-by-case balancing approach of the Second Circuit persuasive. Accordingly, in applying the federal common law psychotherapist-patient privilege factors, a court should consider the privacy interest of the individual opposing the disclosure, the policy of encouraging the forthright exchange of information between psychotherapist and patient, the policy of the Federal Rules of Civil Procedure favoring narrow construction of privileges in order to encourage full access to information, methods of limiting the disclosure of information if it is disclosed, and the relevancy of the requested information.

■ The defendants' primary basis for moving to quash the subpoena is that the disclosure of Officer Stevenson's records would invade his privacy and cause him embarrassment. Undue disclosure of information of such a personal nature is indeed one of the primary reasons for the privilege. Both parties, however, suggest that the defendants' privacy concerns can be assuaged by allowing disclosure of the material under a protective order. Considering the parties' consensus, the fact that the records are relevant and may provide evidence regarding the plaintiffs' excessive force claim, and the federal policy favoring full access to information, the Court concludes that the balance of the above-mentioned factors weighs in favor of issuance of a protective order allowing for limited disclosure or Officer Stevenson's records.

An appropriate Order follows.

### ORDER

AND NOW, this 30th day of September, 1994, upon consideration of the Defendant City of Philadelphia's Motion To Quash a

Subpoena and Issue a Protective Order Pursuant to Fed.R.Civ.P. 26(c), IT IS HEREBY ORDERED that the Defendants' Motion is **GRANTED** in part and **DENIED** in part.

IT IS FURTHER ORDERED that:

(1) the Defendants shall produce Officer Walker Stevenson's medical and psychiatric records from the Philadelphia Police Department Personnel files within fifteen (15) days of this Order;

(2) Plaintiffs' counsel is to maintain the confidentiality of the disclosed material. To that end, subject to further Order of the Court, Plaintiffs' counsel shall not disclose the items themselves, nor the contents thereof, to anyone other than the Court, the attorneys of record in this action and their staff, and expert witnesses. Plaintiffs' counsel is to instruct his staff not to disclose any information from the files to third parties;

(3) within seven (7) days of conclusion of this action, Plaintiffs' counsel shall return all copies of these records to Defendants' counsel. Plaintiffs' counsel shall not use the information provided under this Order for any other purpose other than prosecuting this action; and

(4) compliance with the terms of this Order shall not operate as an admission by any party that any particular item contains either admissible, relevant or privileged material, nor prejudices in anyway the right of the party at any time to seek, on written notice, a modification of relief from the mandates of this Order or more complete, unredacted production of documents.