**UNITED STATES of America, Plaintiff,**

v.

**Richard K. YOUNG, Jr., Defendant.**

**No. CR 95–30078.**

United States District Court,
D. South Dakota,
Central Division.

June 4, 1996.

Thomas J. Wright, Assistant U.S. Attorney, Pierre, South Dakota, for plaintiff.

John M. Grossenburg, Winner, South Dakota, for defendant.

## MEMORANDUM OPINION AND ORDER

KORNMANN, District Judge.

Richard K. Young is charged with assault with a dangerous weapon and assault resulting in serious bodily injury arising out of an altercation with Edward Walking Eagle on July 26, 1996, on the Rosebud Sioux Indian Reservation in South Dakota. Walking Eagle was hospitalized as a result of his injuries. The government contends Walking Eagle's seizures have increased in number and severity as a result of the assault, justifying the serious bodily injury charge. The first trial resulted in a mistrial during the government's case when the victim suffered a seizure in the courtroom while the jury was present.

Defendant has filed certain motions, including a motion to obtain the services of a neurologist, Doc. 42, motion 2, and Doc. 45, motion 2. Defendant also filed a motion for (1) an order waiving the physician-patient privilege between the victim and his neurologist, Dr. Koob, (2) requiring Dr. Koob to consult with defense counsel concerning the victim's medical history, (3) authorizing payment for Dr. Koob's services under the Criminal Justice Act, and (4) authorizing Dr. Koob's testimony to be taken by deposition, Doc. 45, motion 1. Finally, defendant has filed a motion for an order requiring the government to provide defendant with all medical records of the victim, Doc. 45, motion 3.

Defendant requests an order waiving the physician-patient privilege between Dr. Koob and his patient, the victim in this case. The victim was, prior to the assault, under Dr. Koob's care for seizures. Defendant, while admitting that he assaulted the victim, asserts that the altercation did not result in serious bodily injury. The extent of the victim's injuries is of primary concern to the defense. Dr. Koob is the victim's treating neurologist. Defendant seeks access to the victim's medical records and to Dr. Koob himself. Defendant, on May 31, 1996, moved for the issuance of subpoenas duces tecum, seeking the complete medical records of the victim from Dr. Koob, Dr. Charles Aponte and the medical records custodian of the PHS hospital in Rosebud, South Dakota.

The United States Court of Appeals for the Eighth Circuit held in *United States v. Bercier*, 848 F.2d 917, 920 (8th Cir.1988), that "federal courts do not recognize the physician-patient privilege in federal criminal proceedings." The basis of this holding is that Fed.R.Evid. 501 provides in part that "the privilege of a witness ... shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Since no physician-patient privilege existed at common law, none exists in federal criminal proceedings. *United States v. Bercier*, 848 F.2d at 920.

The cases reviewed by this court concern the *defendant's* privilege to keep physician-patient communications confidential and free from admission into evidence. Without exception, that privilege has been found not to exist. This court found no authority directly concerning the physician-patient privilege of the complaining *victim*. Application of the federal common law principles referred to in Fed.R.Evid. 501 is therefore necessary.

The United States Supreme Court has held that "[t]estimonial exclusionary rules and privileges contravene the fundamental principle that 'the public ... has a right to every man's evidence,' [except for those persons protected by a constitutional, common-law, or statutory privilege.]" *Trammel v. United States*, 445 U.S. 40, 50, 100 S.Ct. 906, 912, 63 L.Ed.2d 186 (1980), quoting *United States v. Bryan*, 339 U.S. 323, 331, 70 S.Ct. 724, 730, 94 L.Ed. 884 (1950). The Tenth Circuit has concluded, based upon the foregoing, that there is "a strong presumption against testimonial privileges because they result in the suppression of competent evidence." *United States v. Burtrum*, 17 F.3d 1299, 1302 (10th Cir.1994). The basis for this presumption has been explained by the Supreme Court:

We have elected to employ an adversary system of criminal justice in which the parties contest all issues before a court of law. The need to develop all relevant facts in the adversary system is both fundamental and comprehensive. The ends of criminal justice would be defeated if judgments were to be founded on a partial or speculative presentation of the facts. The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts, within the framework of the rules of evidence.

*United States v. Nixon,* 418 U.S. 683, 709, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (1974).

█ Federal Rule of Evidence 501 provides, in part:

Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.

"The Federal Rules of Evidence acknowledge the authority of the federal courts to continue the evolutionary development of testimonial privileges in federal criminal trials. . . ."
*Trammel v. United States,* 445 U.S. at 47, 100 S.Ct. at 910.

The general mandate of Rule 501 was substituted by the Congress for a set of privilege rules drafted by the Judicial Conference Advisory Committee on Rules of Evidence and approved by the Judicial Conference of the United States and by this Court. That proposal defined nine specific privileges ... In rejecting the proposed Rules and enacting Rule 501, Congress manifested an affirmative intention not to freeze the law of privilege. Its purpose rather was to "provide the courts with the flexibility to develop rules of privilege on a case-by-case basis."

*Trammel v. United States,* 445 U.S. at 47, 100 S.Ct. at 910–911, quoting 120 Cong.Rec. 40891 (1974).

█ There is no authority under the facts of this case for the existence of the victim's physician-patient privilege in federal criminal proceedings. This Court is unwilling to announce a broad rule claiming no such privilege exists or should exist. Certainly, there are cases where such a privilege may well exist. However, even if the privilege may exist under certain circumstances, this is a case where the public and the defendant have the right and the need to develop the facts of the relative number and severity of the victim's seizures both before and after the assault. To prevent access to this evidence would result in a verdict based upon a partial presentation of the facts. We do, after all, seek the truth as best we can.

Now, therefore,

IT IS ORDERED:

1. Defendant's request for waiver of the victim's medical privilege, permitting Dr. Koob to consult with defense counsel concerning the victim's medical history, Doc. 45, motion 1, is granted. Defendant is also free to talk with the PHS doctor who treated the victim. The victim in this case has no medical privilege as to the relevant matters, namely seizures and in connection with injuries claimed to have been caused by defendant.

2. Defendant's motion for access to the victim's medical records, Doc. 45, Motion 3, is granted in part. Defendant is to have access to all medical records of the victim but only to the extent they deal with seizures, the injuries claimed to have been caused by defendant, and any other medical records which might in any manner be relevant to seizures. Subpoenas duces tecum will, if necessary, be issued accordingly.

3. Defendant's request to take the deposition of Dr. Koob for use at trial, Doc. 45, motion 1, is denied. While it would make sense to accommodate Dr. Koob, the court will not order it since plaintiff objects.

4. Defendant's motions to obtain the services of a neurologist, Doc. 42, Motion 2 and Doc. 45, motion 2, are reserved. Defendant's counsel shall advise the court whether such services will be necessary after he has an

opportunity to view the medical records and interview Dr. Koob.